1
2
3
4
5
6
7                          IN THE UNITED STATES DISTRICT COURT
8                         FOR THE NORTHERN DISTRICT OF CALIFORNIA
9

| | |
|---|---|
| JACQUES FEARENCE, V51385, ) | |
| ) | |
| Petitioner, ) | No. C 14-1270 CRB (PR) |
| ) | |
| vs. ) | ORDER TO SHOW CAUSE |
| ) | |
| R. GROUNDS, Warden, ) | (Dkt. #4 & 5) |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, a state prisoner incarcerated at Salinas Valley State Prison (SVSP), has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a prison disciplinary panel's finding that he was in possession of a controlled substance in prison and subsequent assessment of 130 days of time credit. Petitioner specifically claims that the panel's denial of his request to present a witness at the hearing deprived him of an opportunity to present an adequate defense in violation of his procedural due process rights under Wolff v. McDonell, 418 U.S. 539 (1974).

Petitioner first presented his claim in Fearence v. Grounds, No. C 13-1372 CRB (PR) (N.D. Cal. filed Mar. 27, 2013). The claim involved a January 20, 2012 rules violation that resulted in a guilty finding and assessment of 130 days of time credit, but which was ordered reissued and reheard, and the subsequent August 23, 2012 rules violation that again resulted in a guilty finding and

assessment of 130 days of time credit. The court dismissed the January 20, 2012 rules violation claim as moot and the August 23, 2012 rules violation claim for failure to exhaust state court remedies. But the court made clear that the dismissal of the August 23, 2012 rules violation claim was without prejudice to petitioner filing a new federal habeas petition after exhausting state court remedies regarding the August 23, 2012 rules violation claim.

Pursuant to the court's instructions, petitioner brings his August 23, 2012 rules violation claim in a new federal habeas petition after the Supreme Court of California summarily denied the claim on February 26, 2014. See Dkt. #4 at 48.[1] Liberally construed, petitioner's claim – that the panel's denial of his request to present a witness at the hearing on the August 13, 2012 rules violation deprived him of an opportunity to present an adequate defense under Wolff v. McDonnell, 418 U.S. 539 (1974) – appears cognizable under § 2254 and merits an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

For the foregoing reasons and for good cause shown,

1.   Petitioner's request to proceed in forma pauperis (dkt. #5) is GRANTED.

2.   The clerk shall serve by certified mail a copy of this order and the First Amended Petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

/

---

[1] Petitioner's motion for leave to file an amended petition (dkt. #4) is GRANTED. The clerk is instructed to file the proposed amended petition (dkt. #4 at 2-49) as the operative First Amended Petition in this case.

1                3.      Respondent shall file with the court and serve on petitioner, within
2    60 days of the issuance of this order, an answer conforming in all respects to Rule
3    5 of the Rules Governing Section 2254 Cases, showing cause why a writ of
4    habeas corpus should not be granted.  Respondent shall file with the answer and
5    serve on petitioner a copy of all portions of the state trial record that have been
6    transcribed previously and that are relevant to a determination of the issues
7    presented by the petition.
8                If petitioner wishes to respond to the answer, he shall do so by filing a
9    traverse with the court and serving it on respondent within 30 days of his receipt
10   of the answer.
11               4.      Respondent may file a motion to dismiss on procedural grounds in
12   lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the
13   Rules Governing Section 2254 Cases.  If respondent files such a motion,
14   petitioner shall file with the court and serve on respondent an opposition or
15   statement of non-opposition within 28 days of receipt of the motion, and
16   respondent shall file with the court and serve on petitioner a reply within 14 days
17   of receipt of any opposition.
18               5.      Petitioner is reminded that all communications with the court must
19   be served on respondent by mailing a true copy of the document to respondent's
20   counsel.  Petitioner must also keep the court and all parties informed of any
21   change of address.
22   SO ORDERED.
23   DATED:   June 2, 2014

　　　　　　　　　　　　　　　　　　CHARLES R. BREYER
24                                  United States District Judge