UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAQUES FEARENCE, V51385,

  Petitioner,

  v.

R. GROUNDS, Warden,

  Respondent.
            /

No. C 14-01270 CRB (PR)

ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS

  Petitioner, a state prisoner incarcerated at the Salinas Valley State Prison (SVSP), has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a prison disciplinary panel's finding that he was in possession of a controlled substance in prison which resulted in the forfeiture of 130 days of time credit. Petitioner specifically claims that the panel's denial of his request to call witnesses at the hearing deprived him of an opportunity to present an adequate defense in violation of his procedural due process rights under Wolff v. McDonell, 418 U.S. 539 (1974). For the reasons set forth below, a writ of habeas corpus will be denied.

## BACKGROUND

  On October 26, 2009, Officer Barajas observed two inmates walking along the center fence line at California State Prison – Los Angeles County (CSP-LAC). One inmate was walking on the North side and the other inmate was walking on the South side. Officer Barajas observed the inmate on the North side, who was later identified as inmate Kelley, place something into the hand of the inmate on the South side, who was later identified as

petitioner. As Officer Barajas approached petitioner, Barajas observed petitioner drop a white piece of paper on the ground. Officer Barajas picked up the paper and saw that it contained a green, leafy substance, which was later confirmed to be marijuana. Petitioner received a serious rules violation for possession of a controlled substance in prison. Petitioner was found guilty of the serious rule violation after a hearing and assessed 130 days of time credit.

On August 23, 2012, while petitioner was at Pelican Bay State Prison (PBSP) the serious rules violation for possession of a controlled substance at CSP-LAC was reissued and, on September 29, 2012, a rehearing was held. The senior hearing officer found petitioner guilty of possession of a controlled substance in prison based on Officer Barajas' report that Barajas observed petitioner receive and, when Barajas approached petitioner, attempt to discard a piece of paper containing marijuana. The senior hearing officer denied petitioner's request for inmate Kelley to appear as a witness. The senior hearing officer determined that Kelley's testimony was "not necessary for a finding of fact, nor would his testimony influence the outcomes of the hearing or provide any additional information." Resp't's Answer (Dkt. #8) Ex. 1 at 40. The hearing officer found that custody staff had positively identified Kelley handing petitioner the paper with the marijuana and Kelley's testimony therefore was unnecessary. The hearing officer also noted that petitioner had not "requested any further witness testimony." Id. Petitioner, again, was assessed "130 days loss of credit for a division 'B' offense." Id. at 41.

On May 27, 2013, petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in this court, but the petition was dismissed without prejudice to refiling after exhausting state judicial remedies as to petitioner's claim that he was denied due process in connection with the August 23, 2012 rules violation and September 29, 2012 hearing that resulted in the loss of 130 days of time credit. See Fearence v. Grounds, No. C 13-1372 CRB (PR), slip op. at 4 (N.D. Cal. June 13, 2013) (order granting motion to dismiss).

On December 11, 2013, petitioner filed a petition for a writ of habeas corpus in the California Supreme Court. It was summarily denied on February 26, 2014.

On March 19, 2014, petitioner filed the instant petition for a writ of habeas corpus challenging the August 23, 2012 rules violation and September 29, 2012 hearing that resulted in the loss of 130 days of time credit.

## STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

"[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

The only definitive source of clearly established federal law under § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court

1  decision. Id. at 412; Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003). While circuit
2  law may be "persuasive authority" for purposes of determining whether a state court decision
3  is an unreasonable application of Supreme Court precedent, only the Supreme Court's
4  holdings are binding on the state courts and only those holdings need be "reasonably"
5  applied. Id.

## DISCUSSION

Petitioner claims that the senior hearing officer's denial of his request to call inmate Kelley and Officer Barajas as witnesses at the September 29, 2012 hearing deprived him of an opportunity to present an adequate defense in violation of his procedural due process rights under Wolff v. McDonell, 418 U.S. 539 (1974). The claim is without merit.

In Wolff, the Court held that prisoners involved in a disciplinary action are entitled to procedural protections under the Due Process Clause, but not to the full array of rights afforded to criminal defendants. 418 U.S. at 665. A prisoner is entitled to advance written notice of the charges against him, a written statement of the evidence relied upon by prison officials and the reasons for any disciplinary action taken. Id. at 563. A prisoner also has a right to a hearing at which he may "call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Id. at 566. The Court noted that prison officials must have discretion "to refuse to call witnesses that may create a risk of reprisal or undermine authority," and suggested that additional reasons for declining to call a witness may include "irrelevance, lack of necessity, or the hazards presented in individual cases." Id.

The record shows that petitioner's request that inmate Kelley be called as a witness at the September 29, 2012 hearing was denied by the senior hearing officer. But the record also shows that the denial did not amount to a violation of petitioner's procedural due process rights. Under Wolff, witnesses may be excluded if their testimony would be irrelevant or unnecessary. See id. Here, the senior hearing officer determined that Kelly's testimony was not "necessary for a finding of fact, nor would his testimony influence the outcome of the hearing or provide any additional information." Resp't's Answer Ex. 1 at 40. The hearing

4

officer found that Officer Barajas had identified Kelley as having handed petitioner the piece of paper with marijuana that petitioner tried to discard when approached by Barajas, and that this was sufficient in of itself to establish that petitioner was guilty of possession of a controlled substance in prison. That Kelley would have testified that petitioner was not at the scene of the incident, as petitioner claims in his traverse, is purely speculative and gravely undermined by the fact that petitioner was identified by two prison officials and apprehended on site. Under the circumstances, the hearing officer's refusal to call Kelley as a witness did not amount to a violation of petitioner's procedural due process rights under Wolff. And, to be sure, the California Supreme Court's rejection of petitioner's claim cannot be said to be contrary to, or involve an unreasonable application of, Wolff. See 28 U.S.C. § 2254(d).

Petitioner's claim that he requested that Officer Barajas be called as a witness at the September 29, 2012 hearing is not supported by the record. While petitioner did request that Officer Barajas be interviewed by the investigative employee in preparation for the hearing, there is no indication in the record that petitioner also requested that Barajas be called as a witness at the hearing. Petitioner instead claims that his request was not properly noted by the hearing officer. But even if this is true, the de facto denial of petitioner's request to call Officer Barajas as a witness did not amount to a violation of petitioner's procedural due process rights under Wolff. Although Officer Barajas did not testify at the hearing, his report of the incident was introduced at the hearing and served as the basis for the panel's determination that petitioner was guilty of possession of a controlled substance in prison. A request by petitioner to call Officer Barajas to testify at the hearing would be tantamount to a request to cross-examine Barajas and it is well-established that the Due Process Clause does not require that prisons allow inmates to cross-examine their accusers. See Wolff, 418 U.S. at 567-68 ("We think that the Constitution should not be read to impose the procedure at the present time and that adequate basis for decision in prison disciplinary cases can be arrived at without cross-examination."). The California Supreme Court's rejection of petitioner's claim cannot be said to be contrary to, or involve an unreasonable application of, Wolff. See 28 U.S.C. § 2254(d).

**CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because petitioner has not demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The clerk shall enter judgment in favor of respondent and close the file.

IT IS SO ORDERED.

DATED: Dec. 4, 2014

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.14\Fearence, J.14-1270.denial.final.wpd